IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | No.   21-cr-427-02 |
| ERIK COHEN | : | |

**TAMMY GOFF COHEN,**
   **PETITIONER**

<u>MEMORANDUM</u>

**KENNEY, J.**                       **AUGUST 21, 2024**

## I. INTRODUCTION

Presently before the Court is an ancillary forfeiture petition deriving from a concluded securities fraud case. Defendant Erik Cohen pleaded guilty to two counts and over $31 million in restitution. His ex-wife Tammy Cohen now seeks to assert her own limited rights to some of the property identified in the forfeiture order. After reviewing the briefs and holding a hearing on the matter, the Court grants in part and denies in part Tammy Cohen's petition.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The parties are familiar with the lengthy background of this case. Due to his participation in a securities fraud scheme that took place between 2014-2021, which involved making false claims to settlement claims administrators, Defendant Erik Cohen pleaded guilty to two counts in the superseding indictment: (1) conspiracy to commit mail and wire fraud and (2) conspiracy to commit money laundering. *See* ECF Nos. 108, 162. Defendant Cohen was sentenced to 18 total

months of incarceration and required to pay over $31 million in restitution. ECF No. 328. As part of their efforts to claim this restitution, the Government filed two orders of forfeiture seeking specific real and personal property from Defendant Cohen, which were entered by the Court. ECF Nos. 333, 337.

Following the entry of the forfeiture orders, the Government apprised Defendant Cohen's ex-wife, Tammy Cohen, of her limited rights to assert interests in the forfeited property subject to 21 U.S.C. § 853(n). ECF No. 365 at 3. Tammy Cohen filed a document in the related civil case, *SEC v. Cammarata*, 21-cv-4845 (E.D. Pa.) (the "Civil Case"), asserting her ownership rights to 15 Saupe Drive, "Spring Property," 26 Rowena Drive, "Jamesburg Commercial Property," "555 Car dealer lot in Somerset," and a "Ferrari FF."[1] Civil Case, ECF No. 365. The Government engaged in several rounds of attempted discovery with Tammy Cohen, in which she also asserted an interest in the artwork and other property sold by Bodnar's Auction House. ECF No. 365 at 5. After nearly six months of discovery, the government concluded that "further efforts to resolve this matter through discovery will be unproductive," and indicated readiness to proceed to a hearing pursuant to Federal Rule of Criminal Procedure 32.2(c). *Id.* at 6. The Court agreed and scheduled a hearing on August 1, 2024.

The Government filed a pre-hearing brief at which they recognized Tammy Cohen's ancillary claim to 50% of the proceeds from the sale of the Ferrari FF and 50% of the proceeds from the sale of the antiques and artwork, but denied any claim by Tammy Cohen to the properties at 26 Rowena Road, 15 Saupe Street, and 6 Spring Street. ECF No. 381. Defendant Cohen filed a brief in response, in which he asserted that Tammy Cohen had no interest in the Ferrarri FF, but otherwise joined the Government's brief. ECF No. 384. The hearing took place on August 1, 2024,

---

[1] The Jamesburg property and the 555 car dealer lot were not listed in the forfeiture orders, and are therefore not appropriate subjects of this proceeding. *See* ECF Nos. 333, 337; 21 U.S.C. § 853(n)(1-2).

at which the Government and Tammy Cohen presented evidence and called witnesses. ECF Nos. 386, 387. Defendant Erik Cohen's lawyer was present as well, and Defendant Cohen was available, but not called as a witness by either party.

### III. STANDARD OF REVIEW

After a preliminary forfeiture order is entered in a criminal proceeding, a third-party "claiming an interest in forfeited property may 'petition the court for an ancillary proceeding in which to adjudicate the validity of that property interest.'" *United States v. Mitchell*, No. 23-02-CFC, 2024 WL 1578155, at *1 (D. Del. Apr. 11, 2024) (citing *United States v. Nolasco*, 354 F. App'x 676, 678 (3d Cir. 2009); 21 U.S.C. § 853(n)(2)). The statute provides only two narrow paths through which the third-party can acquire the forfeited property, namely that the petitioner: "(1) was a bona fide purchaser for value or (2) has an interested in the forfeited property that was vested or superior at the time of the crime." *United States v. Hallinan*, 75 F. 4th 148, 151 (3d Cir. 2023) (citing 28 U.S.C. § 853(n)(6)).

### IV. DISCUSSION

#### A. Artwork and Antiques

The Court will consider each category of property in turn. First, Tammy Cohen asserted an interest in the various pieces of artwork and antiques that were sold by the Government through Bodnar's auction house. The first Forfeiture Order contains a list of thirty-eight wristwatches, nine pieces of antique furniture, and at least thirty-three pieces of art. ECF No. 333, Tables 1-3. The Government asserts that "the defendant attested in his declaration that [these items] were purchased with proceeds of the fraud." ECF No. 381 at 10. However, the Government concedes that "a full analysis of the defendant's credit card spending was and is not feasible, and would not identify the individual pieces." *Id.* Accordingly, the Government agreed to recognize Tammy

3

Cohen's claim to 50% of the proceeds of the artwork and antiques. *Id.* At the hearing, Tammy Cohen agreed to the Government's concession and did not ask for any greater interest. The Court will therefore grant Tammy Cohen 50% of the proceeds of the artwork and antiques as laid out in Tables 1-3 of the Governments' first Forfeiture Order. ECF No. 333.

### B.  Ferrari FF

Tammy Cohen also asserted a 50% interest in a 2012 Ferrari FF, VIN# ZFF73SKA4C0188194, which was purchased by Defendant Cohen in 2017 as a gift for Tammy Cohen. ECF No. 381 at 9. The Ferrari is titled in Tammy Cohen's name. *Id.* Although Defendant Cohen purchased the vehicle, the funds used to purchase the vehicle were wired from co-defendant David Punturieri's account. *Id.* Defendant Cohen explained in his declaration that he took a reduced distribution from the subsequent allocation of fraud proceeds in order to pay Punturieri back for the vehicle. *Id.*

In this action, the Government asserts that Tammy Cohen cannot prevail under either theory, because there is no evidence that she was a bona fide purchaser for value, or that she had title to the vehicle before the fraud commenced. ECF No. 381 at 9. Nevertheless, the Government contends that because "the defendant repaid the co-defendant not with a transfer of funds but by forgoing a share of the proceeds of their criminal activity, and tracing of the proceeds is not technically possible," it is willing to recognize Tammy Cohen's claim to 50% of the proceeds of the Ferrari. *Id.* In his pre-hearing brief, Defendant Cohen asserted that the Ferrari "was purchased with tainted funds," and Tammy Cohen cannot recover any portion of it under the relevant statute. ECF No. 384 at 2. At the hearing, Tammy Cohen stated that she was seeking 100% of the proceeds of the Ferrari, arguing that it was solely in her name, and that "we don't know specifically if it did come from the fraud." ECF No. 387 at 19:1-5. The Court credits the Government's concession that

4

the source of the funds used to purchase the Ferrari cannot be traced, and will therefore grant Tammy Cohen 50% of the proceeds of the Ferrari.

### C.  6 Spring Street

According to the Government, the property at 6 Spring Street was purchased by Defendant Cohen in 2019 by transferring funds from an account attributed to Present Six LLC, which was controlled by Defendant, with the payment traced to the proceeds of the fraud. ECF No. 381 at 10. At the hearing, Tammy Cohen stated that she did not contribute any money to the purchase. ECF No. 387 at 41:2-6. She provided no evidence that she was a bona fide purchaser for value, or that she had a superior interest prior to the time the fraud began. Therefore, the Court denies Tammy Cohen's petition as to the 6 Spring Street property.

### D.  15 Saupe Street

According to the Government, the property at 15 Saupe Street was purchased by Defendant Cohen in 2020 by transferring funds from an account attributed to Present Six LLC, which was controlled by Defendant, with the payment traced to the proceeds of the fraud. ECF No. 381 at 11. At the hearing, Tammy Cohen stated that she did not contribute any money to the purchase. ECF No. 387 at 42:7-10. She provided no evidence that she was a bona fide purchaser for value, or that she had a superior interest prior to the time the fraud began. Therefore, the Court denies Tammy Cohen's petition as to the 15 Saupe Street property.

### E.  26 Rowena Road

This property was purchased in August 2016, titled in the name of Defendant Cohen. ECF No. 381 at 8. In November 2017, a new deed was issued, transferring the title to both Defendant Cohen and Tammy Cohen. *Id.* The government traced the payments for the house, in the amounts of $350,000 and $225,000, to a bank account that contained only fraud proceeds. *Id.* Defendant

Cohen's parents, Susan and Eli Cohen, hold a $445,000 mortgage on the property. *Id.* The Government's expert, Shantelle Kitchen-Nelson, a certified money laundering investigator, traced the money used to pay for the house out of Defendant Cohen's account to fraud proceeds. *See* ECF No. 387 at 53-64.

Tammy Cohen testified that she is currently living in 26 Rowena Road, and claims that she has paid a substantial sum of money to maintain the property. *Id.* at 79-80. She also alleges that the Final Judgment of Divorce issued by Judge Angela Dalton on June 27, 2024, in *Cohen v. Cohen,* FM-13-1773-19 (Sup. Ct. N.J.) gives her the rights to 26 Rowena Road.

However, the divorce court order states: "[Defendant Erik Cohen] shall be awarded 26 Rowena, Manalapan, subject to the federal case and approval therein. The Court does not find any lien on Rowena proven in favor of defendant's parents. If there is such a debt, no mortgage was produced. Any obligation on any alleged debt is [Defendant Erik Cohen's] only, and not plaintiff [Tammy Cohen]'s." Government's Ex. 3 ¶¶ 13-14. Tammy Cohen contended in the hearing that the court order was written incorrectly, with Judge Dalton mistakenly transposing her name with Defendant Cohen's name, and the judge intended to award 26 Rowena Road to Tammy Cohen instead of Defendant Cohen. ECF No. 387 at 44-48. However, Tammy Cohen provided no evidence that such a mistake occurred other than her allegation that Judge Dalton intended to give the property to her instead of Defendant Cohen. Judge Dalton's order reads logically, as it provides the house to Defendant Cohen along with any alleged debt; it is sensible for the owner of the house to responsible for any debt on the house. Tammy Cohen has not produced any revised order or other documentation attesting to a mistake, and this Court is not inclined to unilaterally alter the wording of an order from another court.

The Court therefore denies Tammy Cohen's claim to 26 Rowena Road.

6

V. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Tammy Cohen's petition as to 50% of the proceeds of the antiques and artwork sold by Bodnar's Auction House and 50% of the proceeds of the 2012 Ferrari FF, VIN# ZFF73SKA4C0188194. Tammy Cohen's petition is **DENIED** as to the properties at 6 Spring Street, 15 Saupe Street, and 26 Rowena Road. An amended forfeiture order will be entered accordingly.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

Cc: Tammy Cohen
Counsel